Plaintiff's Name _Shikeb Saddozai_

Prisoner No. _( AY1590 )_

Institution _Pelican Bay State Prison_
_5905 Lake Earl Drive_
_Crescent City California 95531_

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

_Shikeb Saddozai_
(Enter your full name)

v.

_A. Long, et al.,_

Case No._____
(Provided by the Clerk upon filing)

**COMPLAINT BY A PRISONER
UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983**

(Enter the full name(s) of all defendants in this action)

## I. Exhaustion of Administrative Remedies.

*You must exhaust the remedies available at your institution before your claim(s) can go forward. The court will dismiss any unexhausted claims.*

**A.** Place of present confinement _Pelican Bay State Prison_

**B.** Is there a grievance procedure in this institution?  ☒ YES        ☐ NO

**C.** If so, did you present the facts in your complaint for review through the grievance procedure?
☒ YES        ☐ NO

**D.** If your answer is YES, list the appeal number and the date and result of the appeal at each level of review. If you did not pursue any available level of appeal, explain why.

  1.  Informal appeal: _Written letters and E-mail communic-_
_ation sent by family, and Attorney General on Plaint-_
_iffs behalf to Supervisory officials and authorities_

  2.  First formal level: _Grievance Log No's: 779018 ;_
_771076; 757517 ; 777401; 771484 ; 772642_
_770338_

3.  Second formal level: Subjected to imminent threat of violence, retaliation, harassment by prison authorities from pursuing remedy by filing grievance

4.  Third formal level: _____

_____

_____

E.  Is the last level to which you appealed the highest level of appeal available to you?
☒ YES          ☐ NO

F.  If you did not present your claim for review through the grievance procedure, explain why.
Subjected to imminent danger threat, violence, retaliation, harassment, and other intimidation from pursuing remedy by filing grievance

## II. Parties.

A.  If there are additional plaintiffs besides you, write their name(s) and present address(es).

See Attachments at Page 4 - 7

B.  For each defendant, provide full name, official position and place of employment.

See Attachments at Page 8 - 14

## III. Statement of Claim.

State briefly the facts of your case. Be sure to describe how each defendant is involved and to include dates, when possible. Do not give any legal arguments or cite any cases or statutes. If you have more than one claim, each claim should be set forth in a separate numbered paragraph.

See Attachments at Page 15 - 47

## IV. Relief.

Your complaint must include a request for specific relief. State briefly exactly what you want the court to do for you. Do not make legal arguments and do not cite any cases or statutes.

_See Attachments at Page 48 - 51_

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed on: _August 15, 2025_          by: /S/ Shikeb Saddozai -UCC-1-30?
                    _Date_                    _Signature of Plaintiff_

# II. Parties

## A. Plaintiff(S):

Plaintiff Shikeb Saddozai, seeks to maintain this action pursuant Title 42 U.S.C.S. § 1983 on behalf himself and other similarly situated individuals See in Exhibit-A, attached herein pursuant Rule 23 (a) and 23 (b) of the Federal Rules of Civil Procedure.

Plaintiff seeks to represent a class of all inmates, (See Attached Motion To Certify Class and Appoint Counsel), including but not limited to incarcerated

individuals at the Pelican Bay State Prison ("PBSP")

correctional facility operated under the California

Department of Corrections and Rehabilitation ("CDCR")

and other similarly situated Inmates who have been

or are confined in ("PBSP"), at any time from:

2018 to present date: 2025, who will be

so confined in the Future.

As a result of their confinement, members of the class,

including disabled inmates (See Exhibit-A), are or

will be subject to violations mentioned In

paragraph 11,12 , and represent a class

5

of persons seeking declarative, and injunctive relief to eliminate Defendants actions, omissions, policies and practices that deprive them of those rights.

Upon Information and belief, it is estimated that a substantial number of persons incarcerated in ("PBSP") and in other correctional facilities operated under ("CDCR") have been deprived of their right to property, according to ("CDCR's") own internal survey of inmates complaints. As such the proposed Class is so numerous that joinder of all members is impractible and that

their are over several hundred persons or more who have under went relatiatory property theft destruction and/or intentional loss of their property by Defendants actions who were acting under color of law within the scope of their employment.

## B.    Defendants:

1.  Defendant: Correctional officer A. Long,

is employed by ("CDCR") at ("PBSP"), and was

personally involved in the events described herein.

At all times relevant to this suit, he was acting

under the color of law and within the scope of his

employment. He is sued individually and in his

official capacity, as an officer for "CDCR".

2.  Defendant: Correctional Sergeant Valentin,

is employed by ("CDCR") at ("PBSP") and was

personally involved in the events described herein.

At all times relevant to this suit, he was acting under color of law and within the scope of his employment. He is sued individually and in his official capacity as an officer for "CDCR".

3.  Defendant: Correctional Lieutenant James Clemons, is employed by "CDCR" at "PBSP", and was personally involved in the events described herein. At all times relevent to this suit, he was acting under color of law and within the scope of his employment. He is sued individually and In his official capacity as an officer for "CDCR".

4. Defendant: Correctional Sergeant G. Sandoval,

is employed by "CDCR" at "PBSP", and was personally

involved in the events described herein. At all times relevant

to this suit, he was acting under color of law and within

the scope of his employment. He is sued individually

and in his official capacity as an officer for "CDCR".

5. Defendant: Correctional officer Ruiz,

is employed by "CDCR" at "PBSP", and was personally

involved in the events described herein. At all times relevant

to this suit, she was acting under color of law and within

the scope of her employment. She is sued individually

and in her official capacity as an officer for "CDCR".

6. Defendant: Library Technician Assistant D. Ewing,

is employed by the "CDCR" at "PBSP", and was personally

involved in the events described herein. At all times relevant to

this suit, he was acting under color of law and within the scope

of his employment. He is sued individually and in his official

capacity as an employee for "CDCR".

7. Defendant: Senior Librarian D. Rusk,

is employed by the "CDCR" at "PBSP", and was personally

involved in the events described herein. At all times relevant to

this suit, he was acting under color of law and within the scope of

of her employment. He is sued individually and in her

official capacity as an employee for "CDCR".

8. Defendant: Principal Keri Rexford

is employed by "CDCR" at "PBSP", and was personally involved

in the events described herein. At all times relevant to this

suit, she was acting under color of law and within the

scope of her employment. She is sued individually and

in her official capacity as an agent servant employee,

of "CDCR".

9. Defendant: Head Warden Stephen Smith,

is or was at some time relevant to this complaint, is a
state official, engaging in actions that a reasonable person
would know to be unconstitutional and allowed the
retaliation, discrimination, threat, theft, harrasment
to continue, and other policie, practices, actions, omissions
during relevant time period. As such Defendant Warden
is responsible for ensuring that "PBSP." complies with all
state and federal laws, and that the civil and legal rights
of individuals confine at "PBSP" are uphold. In failing
to fulfill this responsibility, he has directly and proximately

caused unlawful unconstitutional, and inhumane treatment of Plaintiff and inmate class of "PBSP". At all times relevant to this suit, Defendant Warden was acting under color of law and within the scope of his employment, and accordingly Plaintiff sues Warden in his individual and official capacity and is referred them herein collectively as "official capacity defendants" pursuant Federal Rules of Civil Procedure 25 (d).

14

# III.    Statement of Claim.

10.    This Complaint by a prisoner under the Civil Rights Act. Title 42 USC Section 1983, arises from violations of Plaintiff Shikeb Saddozai civil rights under the United States Constitution and California Constitution while in the custody of Pelican Bay State Prison ("PBSP"), a correctional facility that operates under the California Dep't of Corrections and Rehabilitation ("CDCR"), duly organized and existing under the laws of the State of California.

11. Defendant "CDCR" is the successor-in-interest to the "PBSB", and Defendants, employees, servants agents, have created and carried a policy, practice, custom that subjected and continues to subject Plaintiff and incarcerated individuals to retaliatory and discriminatory property confiscation, destruction, fraud, theft, loss, extortion, right to use, access, control, trespass to property without due process, equal protection under the law to a hearing or notice of any opportunity before and after deprivation that were recognized by "CDCR".

16

12.   Under the auspices of the "CDCR" policy on its face and as applied by defendants, Plaintiff and Inmate Class members experienced retaliatory, discriminatory and unequal treatment, including without limitations :

(a) Retaliatory confiscation and destruction of personal property without a hearing;

(b) Denial of adequate or equal or greater value of such property;

(c) Denial of reasonable access to personal property;

(d) Subjection to threats, violence, retaliation, harassment, derogatory and stigmatizing treatment; including falsified disciplinary actions;

(e) Unequal treatment and retaliation in the administrative grievance process;

(f) Altering documents to change inmate property inventory accounting of items

(g) Falsifying property items as altered to render items useless to be disposed and or donated by force, threat, duress, coercion;

(h) Threats of violence based on advocating right to property;

(i) Differential, disrespectful, disdainful treatment of Plaintiff and Inmate Class and their property items;

(j) Deprivation of Confidential legal, medical paperwork, correspondence, literature, books, evidence, and materials of religious nature and to practice and litigate;

(k) Unreasonable delay, denial in providing approved allowable, authorized inmate own-property, religious, appliances, legal materials, food, clothes medications, books;

(L) Antagonizing, inciting, provoking, Plaintiff and inmate class to make a negative, violent, response in order to use excessive force;

(m) Destructive and punitive harassment searches of living cell quarters and additional retaliatory property confiscation, theft, including searching for evidence of misconduct by fellow officers;

(e) Denial of legal law library access, services, resources (i.e., copying services, legal forms, threat of disciplinary charges);

(f) Differential treatment as a result of disabilities and religious beliefs;

13. Plaintiff complained to Defendants and their supervisory officials about the retaliatory, discriminatory treatment, deprivations, violations experienced by Plaintiff and Inmate Class, on more than one occasion and informed Defendants their actions were In violation of laws, rules, regulations.

14. After Plaintiff, spoke out about the retaliation discrimination, deprivations, violations toward him and the Inmate Class, Defendants retaliated against him for his speech, including without limitations:

on many occasions failing and refusing to respond to : grievance complaints , written letters , Notices , Email communications, demands and inmate request forms; to return retaliatory and discriminatory confiscation, theft of personal property , and or replace the intentional destruction or loss of property.

15. When these actions occured by Defendant, they prevented Plaintiff from being able to communicate with legal representative and the Court on active cases or from initiating court actions, appeals

post conviction relief, civil suits, grievances, from practicing tenants of their religious faith and from maintaining occupational therapy with the attending violations to confidentiality of private, privileged, protected medical information.

16.  Plaintiff was prevented by threats of violence and other punitive harassment tactics by prison authorities from seeking administrative remedy by filing a grievance.

17.  The actual threatening remarks by prison officials including the date was:

On or about July 10, 2025, Defendant correctional officer · A. Long stated to Plaintiff quote;

" You (Plaintiff) better not complain or you wont get shit back, and we (defendants) will come up to your cell and take back all your

shit I just gave you", and "if you want something you have to do something special for us".

18.   On or about July 18, 2025. Defendant correctional Sergeant Valentin stated to Plaintiff quote;

" I (defendant) am not going to give you back your property and I will throw you in the "hole" (Adseg) so you cant complain or have any resources and if you dont wont to get hurt you will let this shit go"

19.   On or about July 22, 2025, Defendant Correctional Lieutenent James Clemons stated to Plaintiff quote " I am giving you a cellmate only

For filing   complaints against my officers about

your property and for the phone call I received

from the Attorney General's office".

20. On July 18, 2025, Defendant Correctional officer

J. Ruiz threw away Plaintiff's dinner tray before

he could eat his meal and stated to Plaintiff

"this will make you think twice about complaining"

21. On July 20, 2025, Defendant Correctional officer

J. Ruiz threw away Plaintiffs' breakfast tray

before he could eat his meal. Officer Ruiz, later

arrived to Plaintiffs cellquarters, approximately

10:00 Am to hand Plaintiff a grievance response for a "Staff misconduct" complaint at a previous correctional facility, and stated to Plaintiff "if you pull that shit here I will take more then your meals away from you, I will give you a write-up and make your life misserable.

22. On July 28, 2025, Defendant, Correctional Sergeant G. Sandoval, approached Plaintiff in the Program office hallway as he was waiting infront of correctional counselor L. Phelps office, and stated to Plaintiff "what the fuck are you doing in the

hallway, "your out of bounds", and reached over and punched Plaintiff in the genitals.

23. On July 31, 2025, Plaintiff was ordered to report to the Program office to collect a grievance response, and Defendant Sandoval, stated to Plaintiff "your not in San Quentin anymore, your in Pelican Bay Prison and we do things differently here so you better figure that out soon.

24. On July 18, 2025, Defendant Principal· Keri Rexford, stated to Plaintiff "You are not allowed to copy confidential legal documents", thereby preventing

Plaintiff from initiating and maintaining legal actions.

25. On July 16, 2025, Defendant Senior law librarian Denise Rusk, wrote Plaintiff a letter stating he should not submit confidential legal documents for copying, thereby preventing Plaintiff from initiating and maintaining legal actions.

26. On or about July 31, 2025, Defendant Librarian Technician Assistant D. Ewing, failed and refused to copy Plaintiff's confidential legal documents while copying other inmates documents, and stated to Plaintiff "its due to your complaints".

Thereby preventing Plaintiff from initiating and maintaining legal actions as well as denying law library legal resources, services, and access.

27. On or about August 5, 2025, Defendant Correctional Associate Warden J. Smith, was comprised of the retaliation, descrimination, deprivations, and violations through Plaintiffs grievance complaints in grievance Log No's. 772642; 771984; 769029, and repeatedly failed refused to intervene to correct identified problems and provide meaningful remedy to protect misconduct.

29

28. The Facts were clear that Defendants sufficiently deterred Plaintiff and Class members from pursuing part of the grievance process and left with no other alternative but to write letters and have family members send Email communications to supervisory officials, Warden, Ombudsman, Office of Inspector General and others, adduced by the evidence supporting Plaintiffs Failure from lodging a grievance or from pursuing the final part of the grievance.

29.   Grievance process remained unavailable demonstrated by the relevant evidence that included without limitations from paragraph - 12 , and subsequently more and more defendants joined the efforts to render grievance process and procedure effectively unavailable to prevent, thwart, hinder Plaintiffs efforts created by the ongoing imminent danger of serious physical injury at the time of filing institutional First Level grievance complaints, thus causing a chilling effect of speech and access to the courts, leading to the large number of defendants In the instant claim.

31

30. At the time of filing this complaint defendants' continue with a practice that has and is injuring Plaintiff and others similarly situated now as it did in the past, and is in imminent ongoing danger of physical injury leading to the current retaliation, theft, destruction, fraud and extortion of personal property without hearing to deprivation of properties.

31. Plaintiff presents facts supported by Exhibit-A, herein or through testimony and evidence at a hearing how defendants continued threatening Plaintiff with retaliation, extortion, violence if Plaintiff

continued with grievance complaints, causing the

ongoing danger and immediate real threat to Plai-

-tiff's safety to excerbate in his conditions in

addition to the threats carried out caused Plaintiff

and class members to fear risk of future

injury and chilling effect.

32. The actions against Defendants complained of herein are brought pursuant to 42 U.S.C. § 1983, because defendants conduct may constitute a Fourth Amendment violation because the retaliatory confiscation of Plaintiffs privileged documents such a medical/mental health papers, attorney client-communications are protected under the Fourth Amendment to the U.S. Constitution.

33. This interferred with Plaintiffs ability to File or prosecute legal actions and a viable

access to the court claim may also exist under the Fourth Amendment.

34. Defendants retaliatory and discriminatory confiscation and destruction of Plaintiffs property also rise to the level of intentional harassment and Plaintiff has a right to be free from cruel and unusual punishment, and not need wait for deprivation or injury to occur as Plaintiff has shown here of a serious risk under the Eighth Amendment.

35. The deprivation of Plaintiff's property by defendants without post deprivation remedies also violate the due process which requires an opportunity for Plaintiff to be heard at a meaningful time and in a meaningful manner afforded before the deprivation of life liberty and property that the <u>Fourteenth Amendment</u> to the U.S. constitution protects.

36. Plaintiff's property consisting of personal property possessions not only involving confidential legal medical and religious materials but in

many case represents most of what Plaintiff owns

plainly constitutes "property" under the <u>Fourteenth</u>

<u>Amendment.</u>

37. Defendants actions constitutes a violation of

the <u>First Amendment</u> to the U.S. constitution, as

incorporated through the <u>Fourteenth Amendment</u>,

Defendants policies, practices, acts, and omissions in

retaliation against Plaintiff constitutionally protected

expression violated right to free speech, access to the

court, and retaliation is manifested by their obstruction

of Plaintiffs access to prisons grievance process, legal

law library service, resources, and similarly situated

inmates, and deprivations triggered First Amendment

scrutiny, including without limitations, selective

enforcement of the rules, and deprived valuable

goverment benefits on a matter of public concern.

38. Defendants conduct constitutes a violation of the

equal protection clause of the Fourteenth Amendment

because deprivation of properties did not relate

or serve a legitimate governmental purpose.

39. Defendants conduct constitutes a violation

meeting the objective prong of the Eighth

Amendment as the Government Defendants have repeatedly acknowledged by their conduct a substantial risk of serious physical harm will occur, giving rise to sufficiently imminent dangers also supports a due process violation, and these facts are sufficient demonstrating an ongoing danger of serious physical injury at the time of filing the attached complaint, therefore may constitute cruel and unusual punishment.

39. Defendants conduct may constitute a violation of the Americans with Disabilities Act (ADA), which

prohibits a "public entity" from discriminating against Plaintiff, who is a qualified documented individual with disabilities, on account of his disabilities, and is provided identicle protections under the Rehabilitation Act of 1973 ("Section 504") showing Defendants applied differential treatment against Plaintiff because of his disabilities subjecting him to discrimination and confiscating his property which included but not limited to electric typewriter used as an assistive (ADA) device to communicate with attorney's family and the court on active legal actions

and defendants seizure of typewriter and religious materials was not reasonably related to a legitimate penelogical interest thereby violating (ADA) and triggering Fourteenth Amendment due process protections. and the lack of access to religious items violated RLUIPA, and the First Amendment.

40. Upon information and belief each defendant serving in the correctional system is employed at the Individual prison ("PBSP"), is ultimately responsible to ("CDCR").

41. As set forth above defendants are being sued in their individual and official capacities.

42. All individual defendants named in this complaint are being sued in their official capacities pursuant Federal Rules of Civil Procedure Rule 25(d), and the naming of the officials in their official capacity is intended to and does reach the conduct of all

42

predecessors and successors to their positions during the relevant time period.

43. Upon information and belief, it is estimated that a substantial number of persons incarcerated in the California Department of Corrections have been deprived of their right to property without due process (at least according to "CDCR"'s own internal survey of inmates complaints). As such, the proposed class is so numerous that joinder of all members is impractible in that there are over several hundred persons or more alone at ("PBSP"), who have underwent relatictory property

confiscation, theft, destruction, loss intentionally without hearing

by defendants actions and the disposition of these

claims in a class action rather than in individual actions

will benefit the parties and the Court, both as a matter

of judicial economy and because of the uniquely vulner-

able nature of this impoverished and similarily situated

group and Class action is a superior means, and the only

practicable means by which Plaintiff and the remaining

unknown class members can challenge violations of

Constitutional rights by defendants under Rule (a) 1-4; 23(b)

(2) of the Federal Rules of Civil Procedure (Exihibit - A)

# IV. <u>Jurisdiction</u>

44. This Court has jurisdiction over this action pursuant 28 USC §§ 1331, 1343, section 706(F) of Title III civil Rights Act, 42 USC §§ 2000bb-1(C), 2000cc-2(a) directly U.S. Const., Court has jurisdiction over request for Declaratory Relief pursuant 28 USC §§ 2201, 2202, Injunctive Relief authorized under Fed. R. Civ. P. 65, Supplemental Jurisdiction over State law claims pursuant 28 USC § 1367. Plaintiff brings this action pursuant 42 USC § 1983. Venue is proper in this Court pursuant 28 USC § 1391 (b)(2), in that part of events giving rise to claims occurred in this District.

# Ⅴ. Declaratory and Injunctive Relief

45. An actual on substantial controversy exists between the inmate class, on the one hand, and Defendants on the other hand, as to their respective legal rights and duties. The inmate Class contends that defendants engaging in actions that a reasonable person would know to be unconstitutional is illegal, and defendants contend their actions are valid, therefore the Plaintiff and inmate Class has no plain, speedy or adequate remedy at law. Defendants will continue restrict Plaintiff and Class right to property, and restrictions will impose irreparable injury, damage, loss.

46. Injunction relief including but not limited to, an order enjoining defendants future policies, practices, actions, omissions such as are alleged herein, and requiring the reformation of defendants policies, practices, actions, and omissions so as to eliminate their retaliation, discrimination, threats, violence, illegal confiscation destruction and intentional loss of property effects, is therefore appropriate and necessary to avoid irreparable harm to Plaintiff and inmate Class and to effectuate the purpose of the United States and California Constitutions and other statutes and laws referenced herein. as the subject of the claims for relief.

47

# VI. Prayer For Relief

WHEREFORE, Plaintiff and inmate class,

individually and on behalf of others similarly

situated request that this court to do the following

for claims in the instant complaint:

(a) Assume jurisdiction over this action:

(b) Issue an order certifying this action to
proceed as a class pursuant to Rule 23(a)
and (b) of the Federal Rules of Civil Procedure

(c) As to claims against the official capacity
Defendants and Individual Capacity Defendants:

(A) Issue a judgment pursuant to 28 USC § 2201,
and Rule 57 of Fed. R. Civ. P., declaring that
"CDCR" policy is unconstitutional on its

48

face and that the policies, practices, acts, omissions complained herein violate Plaintiff and inmate Class's rights as set forth herein; and

(B) Issue permanent injunctive relief restraining Defendants identified in claims, and their officers, agents, directors, successors, employees, attorney's or representatives from further violations of the First, Fourteenth Amendments to the U.S. Constitution; Art I section 7, 15,  California Constitution referenced herein as the subject of Plaintiffs claims for relief, including but not limited to enjoining Defendants' from policies, practices, actions, and omissions such as those alleged herein and requiring the establishment of appropriate and effective means to prevent future violations.

(d) Retain jurisdiction over Defendants untill such

time that they Court is satisfied that the Defendants' unlawful policies, practices acts and omissions no longer exists and will not recur;

(e) As to claims against the "CDCR", the institutional Defendants at (PBSP), the official capacity defendants', and the individual capacity defendants', award of costs including reasonable attorneys' fees pursuant 42 U.S.C §1988 and against each defendant identified in claims jointly and severally or opportioned in the discretion of the Court for all counts.

(f) Award such other and further relief as this Court deems just and proper;

(g) Award Plaintiff compensatory damages for his expenditures and for theft, lost, destruction; and;

(h) Award punitive damages against each defendants' for a sum to be proven at trial;

(i) Award such other and further relief as this Court deems just and proper;

(j) Appoint counsel to assist or fully take on the case as the attorney of record; and

(k) This complaint be based on the accompanying declarations, and supporting Exhibit-A, evidence list of incarcerated individuals attached thereto, and on such oral and documentary evidence as may be presented at the hearing on the complaint along with attached Motion To Certify Class and Appoint counsel.

Dated: August 15, 2025                by:/S/ Shikeb Saddozai
                                      Shikeb Saddozai

## <u>PROOF OF SERVICE BY MAIL</u>

### <u>BY PERSON IN STATE CUSTODY</u>

(Fed. R. Civ. P. 5; 28 U.S.C. § 1746)

I, <u>Shikeb Saddozai, (AY1590)</u>, declare:

I am over 18 years of age and a party to this action. I'm **NOT** a resident of <u>Pelican Bay State</u> Prison,

in the county of <u>Del Norte</u>,

State of California. My prison address is: <u>5905 Lake Earl Drive</u>
<u>Crescent City, California</u>

On _____,
(DATE)

I served the attached: <u>(1)Complaint By Prisoner under Civil Rights Act 42 USC 1983.</u>
<u>(2) In forma Pauperis (3) Plaintiff's Motion for Class Certification and Appoint Counsel</u>
(DESCRIBE DOCUMENT)

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope, with postage

thereon fully paid, in the United States Mail in a deposit box so provided at the above-named correctional

institution in which I am presently confined. The envelope was addressed as follows:

I declare under penalty of perjury under the laws of the United States of America that the foregoing

is true and correct.

Executed on _____         by: <u>/S/Shikeb Saddozai-</u>
            (DATE)                     (DECLARANT'S SIGNATURE)

Civ-69 (Rev. 9/97)                                    ::ODMA\PCDOCS\WORDPERFECT\22832\1